# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50202

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2015

Lyle W. Cayce
Clerk

PASCUAL Q. OLIBAS, Individually, doing business as Freedom Bail Bonds;
CHERYL OLIBAS, Individually, doing business as Freedom Bail Bonds,

      Plaintiffs - Appellants

v.

SHERIFF RONNY DODSON, as Sheriff of Brewster County, Texas;
BREWSTER COUNTY, TEXAS,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CV-94

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiffs Pascual and Cheryl Olibas, doing business as Freedom Bail Bonds ("the Olibases") filed this § 1983 action (along with related state actions)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against Brewster County Sheriff, Ronny Dodson individually and in his official capacity.[1]

The Olibases complained that the Sheriff placed such onerous conditions on Plaintiffs' ability to write bail bonds in Brewster County that it made them unable to write bonds. Plaintiffs asserted a First Amendment claim alleging that Plaintiffs' complaints to the Brewster County judge about the Sheriff's conduct caused the defendant to retaliate against Plaintiffs and impose these onerous conditions. Plaintiffs also alleged that the Sheriff, in placing more onerous conditions on their right to issue bail bonds than were placed on their competitors, violated their rights under the Equal Protection Clause of the Constitution.

After a careful review of the record and consideration of the briefs and argument of counsel, we are not persuaded that the district court committed reversible error in dismissing Plaintiffs' First Amendment claims. We agree with the district court that neither the complaint nor the summary judgment record supports an inference that the complaints to government officials were causally related to the complained of actions of the defendant in making it more difficult for Plaintiffs to write bail bonds.

On Plaintiffs' equal protection claim – both against the Sheriff individually and in his official capacity – we agree that the complaint and summary judgment record establish that the defendant did not treat the plaintiffs substantially different from other individuals and firms writing bail bonds in Brewster County. The district court, therefore, did not err in

---

[1] The Olibases also named Brewster County as a defendant in this suit. However, it is well-settled that claims against a municipal official in his official capacity are claims against the county. *Ky. v. Graham*, 473 U.S. 159, 166 (1985); *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). Therefore, we need not consider the County separate from the Sheriff in his official capacity.

No. 14-50202

dismissing the action for relief against the Sheriff in his individual and official capacities.[2]

For these reasons and the reasons assigned by the district court the judgment of the district court is affirmed.

AFFIRMED.

---

[2] The district court also dismissed Plaintiffs' state law claims. Plaintiffs do not challenge that ruling on appeal.